# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| **LISA KILPATRICK,** | | |
|       **Plaintiff,** | | |
| **v.** | | **CIVIL NO. 4:10cv725JMM** |
| **ADVANTAGE SALES & MARKETING,** | | |
|       **Defendant.** | | |

## PROTECTIVE ORDER PURSUANT TO STIPULATION AND AGREEMENT

On this, this 13th day of December, 2010, the Court reviewed the stipulation and agreement for a Protective Order, and makes the following Orders:

    1.    "Confidential Information," as defined in Paragraph 2, herein, and obtained by the Plaintiff, Lisa Kilpatrick, from the Defendant, Advantage Sales & Marketing LLC, in this action, shall be used only for the purpose of this litigation and for no other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except "Qualified Persons," defined in Paragraph 3, herein.

    2.    "Confidential Information" means all documents, information, testimony and discovery materials designated as Confidential Information (or derived from Confidential Information produced), including, without limitation:

        a.    Policies and procedures of the Defendant; documents, information or testimony related to Defendant's employees, including but not limited to employee time reporting, sign-in sheets, personnel files (including, but not limited to social security numbers, dates of birth, medical and financial information), sensitive personal information, and compensation data; trade secrets, proprietary information, company financial or tax information, business plans, data or plans related to sales or marketing, product development information, training materials; the identity of or information related to

Defendant's customers, clients or consultants, including but not limited to, their policies and procedures; and information and other matters now requested or hereinafter requested by the Plaintiff from the Defendant relating to the operation and organization of the Defendant, and such other information as may be deemed by this Court to be relevant or material herein.

  b. Any information concerning such as set forth in 2(a) herein above as may be, from time to time, produced by the Defendant to the Plaintiff herein and declared by the Defendant at the time of production to be Confidential Information and subject to this Order, such designation to be in writing and may be by letter of transmittal to the Plaintiff.

  c. If, at any time prior to the trial of this action, the Defendant determines that documents, information, or discovery materials previously produced or testimony previously given should be designated as Confidential Information, the Defendant may so designate by apprising Plaintiff in writing, and such information will be treated as Confidential Information under the terms of this Order.

  3. Except with the prior written consent of the Defendant, or pursuant to further Order of this Court on motion with notice to the Defendant, no person other than the Defendant may disclose Confidential Information to any person other than "Qualified Persons," who shall be defined to include the Plaintiff, Plaintiff's counsel of record in this action, any future counsel of record for the Plaintiff in this action, and secretaries, para-professional assistants, other employees of Plaintiff's counsel who would be actively engaged in assisting counsel in connection with this action, any person retained by Plaintiff to serve as an expert witness in connection with this action, any witness who counsel for Plaintiff in good faith believes may be called to testify at trial or deposition in this action, Court personnel, and the jury.

4. Prior to any disclosure of any Confidential Information to any person referred to in Paragraph 3 above, such person shall be provided by Plaintiff's counsel with a copy of this Protective Order Pursuant to Stipulation and Agreement and shall sign a Non-Disclosure Agreement in the form affixed hereto as Exhibit 1 stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

5. Each person who has access to Confidential Information shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

6. Within a reasonable period of time following delivery of Confidential Information to the Plaintiff's counsel herein, or the Defendant's subsequent written designation of information or testimony as Confidential Information, as described in 2(c), above, the Defendant (or Defendant's counsel) shall execute and submit to the Plaintiff's counsel a document entitled "Inventory of Confidential Documents Delivered" in the form affixed hereto as Exhibit 2.

7. At any deposition of any party or any present and/or former personnel of any party, or at any deposition of a Qualified or Non-Qualified Person in connection with this action in which documents containing Confidential Information are used, counsel may, on the record of the deposition or by written notice to counsel for the other party within thirty (30) days following receipt of the deposition transcript, designate portions of the testimony as Confidential Information. Prior to the expiration of said thirty-day period, the transcript and information contained therein shall be disclosed only to Qualified Persons. All copies of deposition transcripts containing portions designated as confidential shall be marked "Confidential" on the cover thereof or shall be destroyed and counsel shall certify in writing to counsel for party that made the confidential designation that all such documents, copies, extracts and summaries have been destroyed.

8. If, in connection with this litigation, a party inadvertently discloses information or produces documents that it later designates as Confidential Information, or inadvertently discloses information or produces documents subject to a claim of attorney-client privilege, work product protection or any other legally recognized privilege ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of confidentiality, privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

9. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed, and shall not use any information thus obtained unless allowed to by the Court.

10. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information subject to a claim of attorney-client privilege, or work product protection or any other legally recognized privilege.

11. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

12. The disclosing party retains the burden of establishing the confidential, privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

13. This Order, insofar as it restricts the communication in any way and use of Confidential Information, shall continue to be binding through and after the conclusion of this litigation. Three years following the conclusion of this action, including all appeals:

    a. Plaintiff and Plaintiff's counsel shall destroy all Confidential Information,

including, correspondence, memoranda, notes or any other documents embodying such information, in whole or in part.

   b.  Counsel and all Qualified Persons are enjoined from disclosing in any manner any Confidential Information obtained during the course of this proceeding.

  14.  Nothing in this Order shall prevent any party from seeking modification of this Order at any time as to specific matters designated Confidential Information to remove such from the application of this Order.  This Order may be amended by a stipulation submitted to and so ordered by the Court or, if the parties are unable to agree, by the Court on the application of a party.

  15.  Such Confidential Information as may be required to be filed with the Court and with the Clerk of this Court shall be filed under seal.  Only the Court, Court personnel, and counsel for the parties shall have access to the sealed record in this proceeding until further Order of this Court.

AGREED THIS 13th day of December, 2010:

| | |
|---|---|
| /s/ Lucien Gillham | Rachel S. Janger |
| Lucien Gillham | CROWELL & MORING LLP |
| HARRILL & SUTTER, P.L.L.C. | 1001 Pennsylvania Avenue, NW |
| Attorneys as Law | Washington, DC  20004 |
| Post Office Box 2012 | 202-624-2606 |
| Benton, Arkansas  72018 | Fax:  202-628-5116 |
| 501-315-1910 | Attorneys for Defendant |
| Fax:  501-316-1016 | Advantage Sales & Marketing LLC |
| Attorneys for Plaintiff | |
| /s/ Rachel S. Janger | |

**IT IS HEREBY ORDERED:**

                  /s/ James M. Moody
                  The Honorable James M. Moody
                  United States District Judge

EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| | |
|---|---|
| **LISA KILPATRICK,** | |
|       **Plaintiff,** | |
|       v. | **CIVIL NO. 4:10cv725JMM** |
| **ADVANTAGE SALES & MARKETING,** | |
|       **Defendant.** | |

## NON-DISCLOSURE AGREEMENT AND ACKNOWLEDGEMENT OF PROTECTIVE ORDER PURSUANT TO STIPULATION AND AGREEMENT

The undersigned hereby acknowledges that he/she has read the Protective Order Pursuant to Stipulation and Agreement dated _____ in the above-captioned action and attached hereto (the "Order"), understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Arkansas in matters relating to the Order and understands that the terms of the Order obligate him/her to use materials designated as "Confidential Information" in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such materials or information derived therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Order may result in penalties for contempt of court.

Name: _____

Date: _____

Signature _____

EXHIBIT 2

**INVENTORY OF CONFIDENTIAL INFORMATION PROVIDED**

I hereby submit the following information, documents, document pages, and/or depositions which are subject to the Protective Order Pursuant to Stipulation and Agreement in <u>Lisa Kilpatrick v. Advantage Sales & Marketing LLC</u>, filed in United States District Court; Eastern District of Arkansas; Western Division; Case No. 4:10CV725JMM.

(list documents, pages, and depositions submitted below):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Dated: _____    Signature:_____